# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICKY EUGENE DEVORE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　Defendant. | Case No.  1:14-cv-00663-SAB<br><br>ORDER DENYING PLAINTIFF'S SOCIAL SECURITY APPEAL |

Plaintiff Ricky Eugene Devore ("Plaintiff") filed this action seeking judicial review of the final decision of Defendant Commissioner of Social Security ("Defendant" or "Commissioner") denying Plaintiff's application for benefits under the Social Security Act. (ECF No. 1.) All parties have consented to the jurisdiction of a United States Magistrate Judge for all purposes. (ECF Nos. 7, 8.)

Plaintiff applied for Social Security benefits due to impairments arising from pain in his left upper extremity and degenerative disc disease. For the reasons set forth below, Plaintiff's appeal from the final decision of the Commissioner is denied.

/ / /

/ / /

/ / /

/ / /

1

# I.

# FACTUAL AND PROCEDURAL BACKGROUND[1]

Plaintiff applied for Disability Insurance Benefits and Supplemental Security Income benefits on January 25, 2011. (AR 218, 222.) Plaintiff's application was denied on June 10, 2011. (AR 120.) Plaintiff requested reconsideration of the denial on or around July 20, 2011. (AR 127.) Plaintiff's request for reconsideration was denied on October 4, 2011. (AR 128.) Plaintiff requested a hearing on or around November 4, 2011. (AR 133.)

On August 28, 2012, a hearing took place before Administrative Law Judge Robert E. Lowenstein ("the ALJ"). (AR 52-84.) A second hearing took place before the ALJ on December 4, 2012. (AR 30-51.) On December 20, 2012, the ALJ issued a written decision finding Plaintiff to be not disabled. (AR 9-25.) Plaintiff requested review of the ALJ's decision on or around January 3, 2013. (AR 7.) Plaintiff's request for review was denied by the Appeals Council on March 6, 2014. (AR 1.)

## A. The ALJ's Findings

The sole issue raised by Plaintiff in this appeal is whether the ALJ erred in his assessment of the testimony of the vocational expert ("the VE"). Plaintiff does not dispute the ALJ's assessment of Plaintiff's testimony or the medical record and Plaintiff does not dispute the ALJ's determination of Plaintiff's residual functional capacity.

The ALJ made the following findings of fact and conclusions of law:

- Plaintiff meets the insured status requirements of the Social Security Act through June 30, 2012;
- Plaintiff has not engaged in substantial gainful activity since June 17, 2010;
- Plaintiff has the following severe impairments: left upper extremity arm and hand pain status post comminuted distal radial fracture with evidence of a non-union; a non surgical presentation secondary to continued tobacco use; and degenerative disc disease.
- Plaintiff does not have an impairment or combination of impairments that meets or

---

[1] Citations to the Social Security Administrative Transcript will be designated as "AR" (administrative record). Page numbers will refer to the page numbers as stamped and indexed in the lodged transcript. (See ECF No. 9.)

medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1;

- Plaintiff has the residual functional capacity to continuously lift 10 pounds, frequently lift 11-20 pounds, and occasionally lift 21-50 pounds with his right upper extremity. Plaintiff can continuously lift up to 10 pounds, but never more, with his left upper extremity. Plaintiff can sit for one hour at a time, for a total of 6 hours in an 8-hour workday. Plaintiff can stand or walk for 40 minutes at a time, for a total of 4 hours in an 8-hour workday. Plaintiff does not need an assistive device. Plaintiff has no right hand restrictions. Plaintiff can occasionally reach overhead, reach in other directions, and handle with his left hand. Plaintiff can frequently feel with his left hand. Plaintiff can occasionally use either foot. Plaintiff can occasionally climb stairs and ramps. Plaintiff can never climb ladders, ropes, or scaffolds. Plaintiff can occasionally perform other posturals, but never crawl. Plaintiff can tolerate occasional exposure to environmental limitations, except no restrictions against sound. Plaintiff is right hand dominant.
- Plaintiff is unable to perform any past relevant work;
- Plaintiff was born February 19, 1962 and was 48 years old, defined as a younger individual, on the alleged disability onset date;
- Plaintiff has a limited education and is able to communicate in English;
- Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that Plaintiff is "not disabled," whether or not Plaintiff has transferable job skills;
- Considering Plaintiff's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform; and
- Plaintiff has not been under a disability, as defined in the Social Security Act, from June 17, 2010 through the date of the ALJ's decision.

/ / /

/ / /

### B. The VE's Testimony

Jose Chaparro testified as a vocational expert during the August 28, 2012 hearing. (AR 74.) The VE characterized Plaintiff's prior work as "well puller" (heavy, skilled, SVP: 5), "industrial cleaner" (medium, unskilled, SVP 2), "evaporator operator" (light, skilled, SVP: 8), "industrial truck operator" (medium, semi-skilled, SVP: 3), and "truck driver helper" (heavy, unskilled, SVP: 2).

Cheryl Chandler testified as a vocational expert during the December 4, 2012 hearing. (AR 47.) When given a hypothetical corresponding to the ALJ's RFC determination for Plaintiff, the VE testified that Plaintiff could perform work which existed in the national economy. The VE stated: "[w]e would be looking at a restricted light basically with a sit/stand option or a full range of sedentary with some lighter limitations with the hands." (AR 48.) Specifically, the VE identified work as a "cashier" (with the total number of jobs eroded by 90 percent), a "storage facility rental clerk" (90 percent erosion), and "ticket seller" (50 percent erosion). (AR 48-49.)

## II.

### LEGAL STANDARDS FOR JUDICIAL REVIEW OF SOCIAL SECURITY DETERMINATIONS

An individual may obtain judicial review of any final decision of the Commissioner of Social Security regarding entitlement to benefits. 42 U.S.C. § 405(g). The Court "reviews the Commissioner's final decision for substantial evidence, and the Commissioner's decision will be disturbed only if it is not supported by substantial evidence or is based on legal error." Hill v. Astrue, 698 F.3d 1153, 1158 (9th Cir. 2012). "Substantial evidence" means more than a scintilla, but less than a preponderance. Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996) (internal quotations and citations omitted). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Id. (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). "[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." Hill, 698 F.3d at 1159 (quoting Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006)).

1  However, it is not this Court's function to second guess the ALJ's conclusions and substitute the
2  Court's judgment for the ALJ's.  See Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005)
3  ("Where evidence is susceptible to more than one rational interpretation, it is the ALJ's
4  conclusion that must be upheld.")

### III.

### DISCUSSION AND ANALYSIS

Plaintiff argues that the ALJ erred in assessing the testimony of the VE.  Plaintiff argues that the VE's testimony was flawed because 1) the VE did not properly explain the deviation from the DOT pertaining to Plaintiff's need for a job the permits a sit/stand option, and 2) the jobs the VE identified were not compatible with Plaintiff's limitation of no more than 4 hours of standing or walking.

#### A.     The VE Did Not Err In Assessing Plaintiff's Sit/Stand Option

Plaintiff argues that the VE's testimony was flawed because the VE failed to explain how the jobs identified for Plaintiff could accommodate Plaintiff's need for a sit/stand option. Plaintiff argues that the VE's testimony was inconsistent with the information in the Dictionary of Occupational Titles ("DOT").

In Massachi v. Astrue, 486 F.3d 1149, 1153 (9th Cir. 2007), the Ninth Circuit held that an ALJ has an affirmative responsibility to ask the VE whether the VE's testimony conflicts with the information in the DOT.  Plaintiff does not argue that the ALJ erred by failing to fulfill this responsibility.  Instead, Plaintiff argues that the VE failed to provide a satisfactory explanation for the deviation from the DOT.

The VE testified that Plaintiff could perform certain occupations identified in the DOT but the job numbers would be eroded.  For example, the VE testified that Plaintiff could perform work as a cashier, but only those cashier jobs which could accommodate Plaintiff's sit/stand options.  (AR 48.)  The VE testified that about 10 percent of cashier jobs would permit the sit/stand accommodation.  (AR 48.)

When asked by Plaintiff's attorney, the VE acknowledged that the erosion percentage is based upon the VE's professional opinion and not based upon information in the DOT because

the DOT does not comment on the erosion aspect of the sit/stand option. (AR 49.)

Under Massachi, the ALJ is required to determine whether the VE's explanation for any conflict with the DOT is reasonable and whether a basis exists for relying on the VE rather than the DOT. Massachi, 486 F.3d at 1153. The Court finds that the VE provided a reasonable explanation for any conflict with the DOT. In Buckner-Larkin v. Astrue, 450 Fed. Appx. 626, 628-29 (9th Cir. 2011), the Ninth Circuit stated:

> The vocational expert in this case found that the recommended jobs would allow for an at-will sit-stand option. The vocational expert noted that although the DOT does not discuss a sit-stand option, his determination was based on his own labor market surveys, experience, and research. Therefore, the conflict between the DOT and the vocational expert was addressed and explained by the vocational expert, and the ALJ addressed this in the decision.

This case presents analogous facts. The VE provided a nearly identical explanation for her findings. The VE testified that the DOT does not comment on the erosion of jobs based upon restrictions such as the sit/stand option and that her erosion figures were based upon the VE's professional opinion. (AR 49.)

Plaintiff argues that any deviation from the DOT by the VE must be based upon the VE's own labor market surveys, experience, and research. While this is true in an abstract sense, there is no requirement that the ALJ require the VE to establish this foundation for his or her expert testimony in the hearing before the ALJ. "A VE's recognized expertise provides the necessary foundation for his or her testimony." Bayliss v. Barnhart, 427 F.3d 1211, 1218 (9th Cir. 2005). The Federal Rules of Evidence do not apply to the admission of evidence in Social Security administrative proceedings and therefore the ALJ need not comply with Federal Rule of Evidence 702's requirements regarding the admissibility of expert testimony. See Bayliss, 427 F.3d at 1218 n.4. Accordingly, the ALJ's failure to elicit foundational testimony from the VE explaining the specific research and experience which led to the VE's conclusions regarding the sit/stand option did not constitute error.

Based upon the foregoing, the Court finds that the ALJ did not err in relying on the VE's testimony that her erosion figures were based upon her professional opinion.

///

**B.      The ALJ Did Not Err In Assessing Plaintiff's Standing/Walking Limitations**

Plaintiff argues that the ALJ erred in adopting the VE's testimony because Plaintiff's standing/walking limitations were inconsistent with the VE's testimony regarding the jobs Plaintiff could work.  Plaintiff notes that the RFC stated that Plaintiff could walk or stand no more than four hours in an eight hour work day.  Plaintiff contends that the jobs identified by the VE, (cashier, storage facility rental clerk, and ticket seller) require more than four hours of standing/walking based upon the information in the DOT and the VE did not provide a reasonable explanation for any discrepancy.

Plaintiff contends that the jobs identified by the VE are categorized as "light work" by the DOT.  Plaintiff argues that, in the Social Security context, jobs categorized as requiring "light work" require the ability to stand/walk for six hours in an eight hour work day.  Plaintiff cites Social Security Ruling 83-10 for this proposition.  However, Social Security Ruling 83-10 states that "Light work. ...a job is in this category when it requires a good deal of walking or standing – the primary difference between sedentary and most light jobs.  A job is also in this category when it involves sitting most of the time but with some pushing and pulling of arm-hand or leg-foot controls, which require greater exertion than in sedentary work...."  SSR 83-10, http://www.socialsecurity.gov/OP_Home/rulings/di/02/SSR83-10-di-02.html (last visited June 9, 2015).  Accordingly, the limitation of four hours standing/walking is not necessarily inconsistent with the "light work" jobs identified by the DOT.

Moreover, for the same reasons discussed above with respect to the sit/stand option, the Court finds that the ALJ properly resolved any conflict with the DOT regarding Plaintiff's standing/walking limitations.  Although Plaintiff attempts to present the four hour standing/walking limitation as a separate inconsistency that must be resolved by the ALJ apart from the sit/stand option, the two limitations are related.  Logically, a job that gives a worker the option to sit or stand throughout the day also provides accommodation for a four hour standing/walking limitation as the worker has the option to alternate between sitting and standing to his or her own comfort such that the cumulative total time standing/walking does not exceed four hours.

7

Based upon the foregoing, the Court finds that the ALJ did not err in his assessment of Plaintiff's standing/walking limitations.

## IV.

## CONCLUSION AND ORDER

Based upon the foregoing, the Court finds that the ALJ's decision was supported by substantial evidence.

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's appeal from the administrative decision of the Commissioner is DENIED;

2. JUDGMENT is entered in favor of Defendant Commissioner of Social Security and against Plaintiff Ricky Eugene Devore; and

3. The Clerk of the Court is directed to CLOSED this action.

IT IS SO ORDERED.

Dated: __**June 15, 2015**__

UNITED STATES MAGISTRATE JUDGE